FILED
2022 Jul-13  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **WALLACE EUGENE GREENE, III,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.:  5:19-CV-08013-RDP** |
| | } | |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. # 1). The motion is fully briefed (Docs. # 1, 13, 15). For the reasons provided below, Petitioner's motion is due to be denied.

**I.     Background**

Petitioner was indicted on three counts under 18 U.S.C. § 2252A(a): distribution of child pornography, receipt of child pornography, possession of child pornography. (Case no. 5:17-CR-119-RDP-SGC ("Cr."), Doc. # 1). Petitioner was initially represented by Assistant Federal Public Defender Thomas Drake, but the court granted Drake's motion to withdraw as counsel on September 18, 2017. (Cr. Docs. # 10, 16). That same day, Assistant Federal Public Defenders Deanna Oswald and Glennon F. Threatt entered notices of appearance on behalf of Petitioner. (Cr. Docs. # 17, 18). Oswald and Threatt remained Petitioner's counsel throughout the rest of his case — at his plea hearing and at sentencing.

In November 2017, Petitioner signed a Guilty Plea Advice of Rights Certification and a Plea Agreement. (Cr. Docs. # 25, 26). In the latter document, Petitioner agreed to plead guilty to

distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) in exchange for the government's agreement to dismiss the counts for receipt of child pornography and possession of child pornography. (Cr. Doc. # 26 at 1). Within the plea agreement, Petitioner acknowledged that law enforcement uncovered a computer with a Cullman IP address that was down loading forty-two videos of child pornography on a peer-to-peer file sharing network; that law enforcement narrowed the location of the computer to Petitioner's address; that law enforcement executed a search warrant; that law enforcement found the subject laptop actively downloading and uploading child pornography; that a forensic examination of the laptop revealed 357 videos of child pornography; and that Petitioner used the subject laptop to distribute, receive, possess, and access with intent to view images of child pornography. (Cr. Doc. # 26 at 2-3).

Further, in the Guilty Plea Advice of Rights Certification, Petitioner acknowledged that his attorney explained to him in detail his substantive rights, the charges against him, the possible penalties, the contents of the plea agreement, and what would occur at the change of plea hearing. (Cr. Doc. #25 at 1-5). Petitioner also certified that he was satisfied with the representation of his attorneys and that he had no complaints about their representation of him. (*Id.* at 5). Finally, Petitioner certified that he was entering the guilty plea because he was in fact guilty of distribution of child pornography. (*Id.*).

On December 13, 2017, the court held a plea hearing for petitioner. (Cr. Doc. # 42). At that time, Petitioner confirmed that he was satisfied with the representation and advice of his counsel. (Cr. Doc. # 42 at 5). When the court explained the elements of 18 U.S.C. § 2252A(a)(2) that the government would have to prove at trial, Petitioner hesitated to affirm that he *knowingly* distributed child pornography. (*Id.* at 8-9). So, the court gave the following explanation:

> If the government proves beyond a reasonable doubt that you used a peer-to-peer file sharing network and in using that network received and made available and/or

> sent child pornography to other users of that network, that would permit a jury
> finding that you distributed child pornography.
> …
> That doesn't mean you sent an email with it in. It doesn't mean that you delivered it
> to someone in another form, but when you're using a peer-to-peer file sharing
> network, you're aware that that means sharing means, one, you can get it, but, two,
> you can send it or they can come get it. And the law has developed such that making
> it available to others through a peer-to-peer sharing network may be found by a jury
> to be distribution.

(*Id.* at 10). The government and Oswald indicated that they agreed with the court's characterization of knowingly distributing child pornography. (*Id.* at 11). More importantly, after the court's explanation, Petitioner affirmed that he understood each element of the charge. (*Id.* at 11-12).

Later in the hearing, Petitioner confirmed that he was not threatened or coerced to plead guilty and that he was pleading guilty because he was in fact guilty of the charge. (*Id.* at 21). Further, the court asked Petitioner if there was anything that would cause him to reconsider his decision to enter a guilty plea. (*Id.* at 24). Petitioner said there was not. (*Id.*).

Petitioner pleaded guilty to distribution of child pornography. (*Id.* at 25). The court found that (1) Petitioner was fully competent and capable of entering an informed plea; (2) Petitioner was aware of the nature of the charge and the consequences of his plea; (3) Petitioner entered a guilty plea that was supported by an independent basis of fact containing each of the essential elements of the offense; and (4) Petitioner entered the plea knowingly and voluntarily. (*Id.* at 25).

Oswald filed a sentencing memorandum, on behalf of Petitioner, seeking a downward variance to ninety-six-months imprisonment followed by supervised release. (Cr. Doc. # 33). In the motion, Oswald explained Petitioner's drug and alcohol addiction, recent suicide attempts, troubled upbringing, childhood sexual trauma, and a report by Dr. Jennifer Cox. (*Id.*).

On April 3, 2018, the court entered judgment against Petitioner. (Cr. Doc. # 37). The court granted a "slight" downward variance and sentenced Petitioner to 132 months imprisonment to be

followed by supervised release for a term of 120 months. (*Id.* at 1-2). The judgment was entered April 3, 2018. (*Id.*). Petitioner did not appeal his conviction or sentence. Instead, Petitioner filed the pending motion on April 1, 2019. (Doc. # 1).

## II.     Standard of Review

Section 2255 authorizes a federal prisoner to file a motion in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements, which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) and (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, and a court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington,* 466 U.S. 668 (1984). *Grossman v. McDonough,* 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland's* two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Darden v. Wainwright,* 477 U.S. 168, 184 (1986) (internal quotation marks omitted).

A court's scrutiny of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States,* 218 F.3d 1305, 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id.*

Under the prejudice component of *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland,* 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

Unless a petitioner satisfies both prongs of the *Strickland* inquiry, relief is denied. *Strickland,* 466 U.S. at 687. Accordingly, once a court decides that one of the requisite elements has not been met, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper,* 161 F.3d 655, 660 (11th Cir.1998).

Further, a petitioner bears an especially heavy burden when he collaterally attacks a sentence imposed on the basis of a guilty plea. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). Because dispositions by guilty plea must be "accorded a great measure of finality," "the representations of the defendant, his lawyer, and the prosecutor at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* (internal quotation marks and brackets omitted). Where "the record reflects the procedures of plea negotiation and includes a verbatim transcript of the plea colloquy, a petitioner challenging his plea will be entitled to an evidentiary hearing only in the most extraordinary circumstances." *Id.* (internal quotation marks omitted). A prisoner may not successfully challenge his guilty plea through "[t]he subsequent presentation of ... contentions that in the face of the record are wholly incredible." *Id.* (internal quotation marks omitted). Indeed, such challenges are "subject to summary dismissal" without an evidentiary hearing. *Id.*

## III. Discussion

Petitioner filed his motion within one year of the judgment becoming final; thus, Petitioner's motion is timely. 28 U.S.C. § 2255(f)(1). In his motion, Petitioner presents four arguments as to why his counsel was ineffective. They are each conclusory.

<u>First</u>, Petitioner contends that counsel "fail[ed] to protect [his] constitutional right to a fair and equitable plea agreement during plea negotiations where in exchange for his guilty plea the government would have agreed to not pursue the Distribution charge, merely Possession." (Doc. # 1 at 4).

<u>Second</u>, Petitioner argues that counsel "[f]ail[ed] to properly conduct any meaningful pre-plea discovery including not retaining an investigator or reviewing applicable statutory law with respect to [Distribution], and/or the relevant [United States Sentencing Guidelines] concerning

[Distribution]." (*Id.*). Petitioner contends that his counsels' intent was to "throw him under the bus" despite Petitioner's continual denial of knowledge or intent of distribution. (*Id.*).

Third, Petitioner asserts that counsel "[f]ail[ed] to object to the judicial interference in the plea negotiations." (*Id.* at 5). Petitioner's wholly unsupported contention is that he was forced to plead guilty to distribution of child pornography because that was the wish of his attorney, the court, law enforcement, and the Assistant United States Attorney. (*Id.*).

Fourth, Petitioner argues that "[c]ounsel rendered ineffective assistance by failing to raise pertinent issues pertaining to [his] mental instability." (*Id.* at 7). Petitioner erroneously contends that counsel did not present Petitioner's mental instability (which was evidenced by a recent suicide attempt and treatment in a psychiatric ward) at the sentencing phase. (*Id.*).

As the court explains below, each of Petitioner's arguments are conclusory and wholly contradicted by the record. Accordingly, Petitioner is not entitled to an evidentiary hearing and his motion is due to be denied.

### A.    Ground One

Ground One of Petitioner's motion raises the first and second conclusory allegations referenced above. (Doc. # 1 at 4). Petitioner has not provided any factual assertions, much less any specific or detailed factual assertions that would entitle him to relief. *See Winthrop-Redin*, 767 F.3d 1210, 1217 (11th Cir. 2014). Moreover, Petitioner's conclusory allegations are wholly inconsistent with the record.

To begin, there is no indication in the record that the government would have offered Petitioner a plea that involved dismissal of the distribution charge. Petitioner has not even come close to making a sufficient factual allegation in support of that claim. Additionally, in his Guilty Plea Advice of Rights Certification, Petitioner acknowledged that his attorney explained in detail

his substantive rights, the charges against him, and *the possible penalties*. This acknowledgement, under oath, wholly contradicts his current allegation that counsel did not review the applicable statutory law or sentencing guidelines. (Cr. Doc. #25 at 1-5). Before attending his plea hearing, Petitioner also certified that he was satisfied with the representation of his attorney and that he had no complaints about the representation. (*Id.* at 5). Then, at the plea hearing, Petitioner confirmed that (1) he was satisfied with the representation and advice of counsel, (Cr. Doc. # 42 at 5); (2) he understood each element of the charge, (*Id.* at 11-12); (3) he knew the effect of pleading guilty after the court explained the sentencing process, including the guidelines, (*Id.* at 19-20); (4) he was not threatened or coerced to plead guilty and that he was pleading guilty because he was in fact guilty of the charge, (*Id.* at 21); and (5) there were no other factors that would cause him to reconsider his guilty plea, (*Id.* at 24).

Ground One of Petitioner's motion merely floats conclusory allegations that are wholly incredible in light of the record. Petitioner fails to meet his heavy burden of collaterally attacking his plea agreement. Further, Petitioner provides no facts to substantiate either *Strickland* cause or prejudice. Accordingly, Ground One is due to be summarily denied without an evidentiary hearing.

### B.    Ground Two

Rule 11(c)(1) of the Federal Rules of Criminal Procedure provides that "[t]he court must not participate in [plea agreement] discussions." However, if the agreement was "negotiated, executed, and tendered before the challenged plea colloquy," then there are no grounds for asserting judicial interference. *Williams v. United States*, 523 F. App'x 666, 668 (11th Cir. 2013) (citing *United States v. Telamaque*, 244 F.3d 1247, 1249 (11th Cir. 2001). Also, "the section 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading.'" *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

In this case, Petitioner does not provide any facts as to how the court interfered in plea negotiations. To be sure, the court did not. So, it is unsurprising that Petitioner has not denoted even a single comment made by the court that suggests any judicial interference — let alone, a comment made before the plea agreement was negotiated, executed, and tendered. Further, a review of the plea colloquy does not suggest any indication of judicial interference. In fact, during the plea colloquy, Petitioner affirmed that (1) he was not threatened or coerced to plead guilty and (2) there were no other factors that would cause him to reconsider his decision to enter a guilty plea. (Cr. Doc. # 42. at 21, 24).

Petitioner fails to specifically allege any fact that would support his claim of ineffective assistance of counsel for failing to object to judicial interference in the plea negotiations as required by § 2255 fact-pleading rules. Moreover, the record is completely devoid of any indication of judicial interference. Therefore, Petitioner cannot demonstrate either cause or prejudice as required by *Strickland*.

Because Ground Two of Petitioner's motion is nothing more than a conclusory allegation that is wholly unsupported by any facts and because the allegations are wholly incredible, it is due to be denied without an evidentiary hearing.

### C.    Ground Three

Petitioner contends that his counsel did not inform the court of his mental instability evidenced by documented suicide attempts and admittance to a psychiatric ward on two separate occasions. (Doc. # 1 at 7). However, Petitioner's contention is without merit and (again) wholly incredible in the face of the record.

Prior to sentencing, Petitioner's counsel filed a twelve-page Sentencing Memorandum & Motion for Variance. (Cr. Doc. # 33). The motion contains the information that Petitioner now

claims was not presented to the court before his sentencing. (*See id.*; Cr. Doc. # 33-2 at 10). The motion also details Petitioner's drug and alcohol addiction, troubled upbringing, and childhood sexual trauma. (*See* Cr. Doc. # 33). Moreover, counsel attached to the motion letters of support from Petitioner's mother and brother as well as a thorough risk assessment written by Dr. Jennifer Cox, a clinical psychologist. (Cr. Docs. # 33-1, 33-2).

Again, Petitioner has not satisfied his burden under § 2255's fact-pleading standard and, alternatively, fails to demonstrate either cause or prejudice under *Strickland*'s test for ineffective assistance of counsel. Ground Three of Petitioner's motion is, thus, due to be denied without an evidentiary hearing as it is wholly incredible in light of the record.

## IV.     Conclusion

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is due to be denied. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this July 13, 2022.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE